UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH HAFNER, | Case No. 1:12CV2651 |
| Plaintiff, | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | |
| ANIMAL CHARITY OF OHIO, et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter is before the Court on the motion for judgment on the pleadings filed on behalf of Defendants, City of Campbell, John E. Dill, Gus Nicolaou and William Mays ("Campbell defendants")[1] on February 28, 2012. ECF Dkt. #26. Plaintiff, Elizabeth Hafner, filed her opposition brief on March 7, 2013. ECF Dkt. #27. No reply brief was filed.

On October 23, 2012, Plaintiff re-filed[2] the complaint in this matter alleging a violation of her constitutional right to be free from unreasonable search and seizure, as well as several state causes of action[3], predicated upon the warrantless, forcible entry by Defendants, Joseph Borosky (an employee of Defendant, Animal Charity of Ohio, Inc.), Nicolaou, and Mays onto Plaintiff's property, and the warrantless seizure of six dogs, which were taken from the property and destroyed. Compl. at ¶¶ 21-22. In the motion for judgment on the pleadings, the Campbell defendants contend

---

[1]Plaintiff has also named Animal Charity of Ohio, Inc., Joseph Borosky, and ten John and Jane Does as defendants in this case.

[2]The complaint was originally filed in *Hafner v. Animal Charity of Ohio, Inc.*, 4:10CV725. The case was voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) on October 28, 2011. ECF. Dkt. #33.

[3]The re-filed complaint states seven causes of action: (1) violations of the Fourth and Fourteenth Amendment; (2) a municipal liability claim predicated upon the City of Campbell's alleged failure to train its employees; (3) negligence; (4) intentional infliction of emotional distress; (5) conversion; (6) trespass; and (7) respondeat superior. ECF Dkt. #1.

that Plaintiff cannot state a procedural due process claim in this case based upon the seizure and destruction of the dogs because state law provides an adequate post-deprivation remedy, citing the doctrine announced in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986). For the following reasons, the motion for judgment on the pleadings is denied.

Federal Civil Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay the trial – a party may move for judgment on the pleadings." A court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard as a motion to dismiss. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

In scrutinizing a complaint under Rule 12(b)(6), this Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir.2007). Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). And, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir.2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

To prevail under 42 U.S.C. §1983, a plaintiff must prove two elements: "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir.2006). Here, Plaintiff asserts violations of the Fourth and Fourteenth Amendments. The Fourth Amendment, made applicable to the States by the Fourteenth Amendment, provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const. amend. IV. This right

applies with equal force in both the civil and criminal contexts. *Camara v. Mun. Court of San Francisco*, 387 U.S. 523, 539, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). In *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), the Supreme Court explained that the first clause of the Fourth Amendment "protects two types of expectations, one involving searches, the other seizures." According to *Jacobsen*, a search occurs when an expectation of privacy that society is prepared to consider is infringed, whereas a seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Id.*

The Due Process Clause incorporates many of the specific protections defined in the Bill of Rights, that is, a plaintiff may bring suit under §1983 for a state officials' violation of his of her right to freedom of speech or, as asserted here, freedom from unreasonable searches and seizures. The Due Process Clause also contains a substantive component that bars certain arbitrary, wrongful government actions "regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 664 (1986). As to these two types of claims, the constitutional violation actionable under § 1983 is complete when the wrongful action is taken. *Id.* at 338. A plaintiff, under *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) (overruled in part not relevant here, by *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 664-689, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)), may invoke § 1983 regardless of any state-tort remedy that might be available to compensate him for the deprivation of these rights.

The Due Process Clause also encompasses a third type of protection, a guarantee of fair procedure. A §1983 action may be brought for a violation of procedural due process, but here the existence of state remedies is relevant in a special sense. In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. *Parratt*, 451 U.S., at 537, 101 S.Ct., at 1913; *Carey v. Piphus*, 435 U.S. 247, 259, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property").

The elements of a procedural due process claim are a life, liberty, or property interest requiring protection under the Due Process Clause, and a deprivation of that interest without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir.2006). However, under the *Parratt* doctrine, a procedural due process claim is not stated if three conditions are met in a case: (1) the deprivation was unpredictable or random; (2) a pre-deprivation process was impractical; and (3) the state actor was not authorized to take the action that deprived the plaintiff of its property. See *Zinermon v. Burch*, 494 U.S. 113, 136-39 (1990). If these criteria are met, a procedural due process claim will not be stated unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong. *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984).

The Campbell defendants contend that the facts in the above-captioned case are identical to the facts of *Ammon v. Welty*, 64 F.3d 662 (1995)(unreported). In *Ammon,* the plaintiffs alleged that several county officials conspired to seize possession of their dog[4] and destroy the dog in violation of Kentucky state law. Ky.Rev.Stat. §258.215 states that if a dog warden seizes and impounds a dog, the dog must be impounded for seven days. If the dog is not claimed by the owner within this time period, the warden may destroy the dog in a humane manner. Applying the *Parratt* doctrine, the *Ammon* Court concluded that, because the destruction of the plaintiff's dog was not predictable, a pre-deprivation process was unavailable, and the dog was destroyed in violation of state law, and state law provided an adequate remedy for the alleged unlawful taking of the plaintiff's property.

The Campbell defendants assert that Ohio has a statute similar to the Kentucky statute at issue in *Ammon*, and, therefore, the constitutional claim in this case (as well as the municipal liability claim predicated upon the constitutional claim) must be dismissed as a matter of law. In her opposition brief, Plaintiff argues that she is not asserting a procedural due process claim, but, instead, a Fourth Amendment claim, which, by its very nature, is not subject to dismissal based upon *Parratt.* This Court agrees.

---

[4]*Ammon* did not involve a Fourth Amendment claim. The plaintiffs in *Ammon* alleged that one of the defendants in that case "obtained possession of [the dog] by deceit." *Ammon* at *2.

-4-

Various courts, including the United States Supreme Court and the Fifth Circuit in a case involving the warrantless seizure of a dog, have recognized that *Parratt* does not bar a claim under section 1983 when plaintiff alleges a violation of a specific substantive right guaranteed by the United States Constitution. See *Zinermon*, *supra* at 125; *Augustine v. Doe*, 740 F.2d 322, 326 (5th Cir. 1984); *Watts v. Burkhart*, 854 F.2d 839, 842 (6th Cir.1988). Thus, section 1983 suits premised upon Fourth Amendment violations are unaffected by *Parratt*. As the Fifth Circuit clarified in *Augustine*, the *Parratt* doctrine "is not a magic wand that can make any section 1983 action resembling a tort suit disappear into thin air. [*Parratt*] has potential applicability only when the plaintiff alleges a deprivation of procedural due process; it is irrelevant when the plaintiff has alleged a violation of some substantive constitutional proscription." 740 F.2d at 329.

Plaintiff has asserted a meaningful interference with her possessory interests in her dog. See *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984)("A seizure of property for Fourth Amendment purposes occurs when there is some meaningful interference with an individual's possessory interests in [certain] property. ") Of course, a seizure alone does not constitute a violation of the Fourth Amendment; only seizures that are unreasonable under the circumstances will violate the Fourth Amendment. *Soldal v. Cook County, Illinois*, 506 U.S. 56, 113 S.Ct. 538 (1992). When the state makes a warrantless seizure, courts must "balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703, 103 S.Ct. 2637 (1983).

Having reviewed the allegations in the complaint as well as the relevant case law, the Court finds that Plaintiff has stated a Fourth Amendment claim, and, therefore, the Campbell defendants' motion for judgment on the pleadings is DENIED. ECF Dkt. #26.

IT IS SO ORDERED.

SIGNED AND ENTERED on this 9th day of April, 2013.

                                                   */s/ George J. Limbert*
                                                   GEORGE J. LIMBERT
                                                   UNITED STATES MAGISTRATE JUDGE